FILED

2015 OCT -8 PM 12: 43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: TM DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARINO, an individual; MICHAEL HENTON, an individual;<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NERY'S USA, INC., a Nevada corporation; JOHN E. CATHCART, an individual; and DOES 1-25;<br><br>　　　　　　　　　Defendants. | Case No.: 14-cv-497 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO DISMISS**<br><br>**(2) REMANDING ACTION TO STATE COURT** |

　　　　Before this Court is a Notice of Voluntary Dismissal, filed by Plaintiffs Frank Marino and Michael Henton. (Docket No. 40.) Defendants Nery's USA, Inc. and John E. Cathcart filed an Opposition, and Plaintiffs filed a Reply. (Docket Nos. 44, 45.)

　　　　In October 2013, Plaintiffs initiated this action in California state court. Plaintiffs allege that they invested in a company (which is not a party to this action) and received a security interest in the company's assets. That company has since gone under, and its assets were sold or transferred to Defendants. The goal of Plaintiffs' lawsuit was to recover their interest from Defendants.

　　　　Now, Plaintiffs ask this Court to issue an order dismissing the two named Defendants only, and remanding this case to state court. Plaintiffs contend that they can

no longer afford to litigate their claims against Defendants. Instead, they wish to seek recovery from the unnamed Doe Defendants. In opposition, Defendants argue that this case was initiated in bad faith, and thus, this Court should require Plaintiffs to pay attorney fees and to remove the UCC-1 filings against Defendants.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) requires the Court's approval for a plaintiff's dismissal of an action once an answer or motion for summary judgment has been filed. The court has discretion under Rule 41 to dismiss an action "on terms that the court considers proper." *Id.*; *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). In ruling on a Rule 41 motion, courts must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Sherman v. Yahoo! Inc.*, No. 13-cv-41, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015).

In deciding whether to dismiss a case, the court's central concern is whether the defendant will suffer "plain legal prejudice" as a result of dismissal. *Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Such prejudice does not result merely from the expenses incurred by defending the instant lawsuit, the possibility of facing a second lawsuit, or the uncertainty resulting from an unresolved dispute. *Smith*, 263 F.3d at 976.

When determining whether dismissal should be with or without prejudice, courts consider: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Sherman*, 2015 WL 473270, at *4 (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993), *aff'd by* 72 F.3d 766 (9th Cir. 1995)). Finally, the court must consider whether any additional terms should be implemented upon dismissal.

///

## DISCUSSION

A. <u>Dismissal</u>

Defendants do not oppose their dismissal from this action, rather, they argue the Court should premise the dismissal upon two conditions. In addition, neither party argues that a dismissal with prejudice is preferable to a dismissal without, or vice versa. Thus, the real point of contention is upon what terms and conditions the dismissal should be based. Defendants seek $119,211 in attorney fees and an order requiring Plaintiffs to file termination statements expunging the "false" UCC financing statements Plaintiffs filed in California and Nevada. Defendants contend they are entitled to these conditions because Plaintiffs initiated this frivolous action in bad faith.

This case was removed on March 5, 2014. Defendants immediately filed a motion to dismiss and a motion for summary judgment. At that time, no discovery had taken place and an Early Neutral Evaluation ("ENE") conference had just been scheduled. Before an ENE could take place, the Court ordered the parties to engage in limited jurisdictional discovery. Once subject-matter jurisdiction had been established, Defendants filed renewed motions pursuant to Federal Rules of Civil Procedure 12 and 56. The Court subsequently denied Cathcart's motion to dismiss, finding it could exercise personal jurisdiction over him. The Court also denied Nery's' motion for summary judgment, and granted Plaintiffs' request for additional discovery, as no discovery relating to the merits of the action had yet been conducted.

Defendants contend Plaintiffs litigated this case in bad faith because they did not produce evidence to support the allegations in their Second Amended Complaint. While it is true that Plaintiffs did not attach the security agreement or promissory note to their complaint, such action is not required. And, Defendants cite no authority saying so. Defendants take issue with a number of Plaintiffs' assertions and state that Plaintiffs failed to engage in the additional discovery they requested, and were granted, in opposition to the summary judgment motion. However, the only discovery deadlines that passed before Plaintiffs filed the instant voluntary dismissal were for the Rule 26(f)

conference and 26(a)(1) initial disclosures. Plaintiffs maintain that they did exchange documents. In any event, Defendants rely upon Plaintiffs' failure to produce initial disclosures, yet Defendants did not attempt to use any of the discovery tools available to compel such information—instead, they ask for attorney fees upon dismissal.

A review of the record reveals no evidence that Plaintiffs delayed the proceedings in this case. Defendants have not shown that they will suffer legal prejudice if this case is dismissed. Plaintiffs have also adequately explained that they do not wish to continue litigating their claims against Nery's or Cathcart because the cost of the lawsuit currently outweighs their prospective recovery. The Court does not find that Plaintiffs acted in bad faith.

However, under the circumstances of this case, the Court deems it appropriate to dismiss this case with prejudice. Plaintiffs intend to pursue unnamed defendants in state court in order to recover the interest they sought from Defendants. According to the SAC, it appears Defendants could be impacted by continued litigation against unnamed defendants. As such, dismissal with prejudice is appropriate.

B.   Terms & Conditions

The Court declines to condition the dismissal upon Defendants' specified terms. A court's imposition of fees and costs in granting a voluntary dismissal is discretionary. *Westlands Water Dist.*, 100 F.3d at 97; *see also Gonzalez v. Proctor & Gamble Co.*, No. 06-cv869, 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."). Additionally, Defendants have cited to California state laws that may provide them with alternative forms of recourse as to the UCC-1 filings. Thus, the Court need not premise the dismissal with prejudice upon any other conditions.

C.   Remand

Finally, Plaintiffs ask this Court to remand the action to state court in order to pursue their claims against the Doe Defendants. The Ninth Circuit treats state-law doe defendant provisions as substantive law under the *Erie* doctrine. *See Lindley v. Gen.*


*Elec. Co.*, 780 F.2d 797, 800-02 (9th Cir. 1986) (disregarding California's Doe practice would deprive plaintiffs of substantive rights). In order to protect Plaintiffs' substantive rights under California's relevant statutes of limitations, the Court remands this action to state court.

## CONCLUSION

The Court therefore **GRANTS** Plaintiffs' Rule 41 motion and **DISMISSES** Nery's and Cathcart with prejudice. The Court declines to award attorney fees or set any other conditions for dismissal. Further, the Court **REMANDS** the remainder of this action to state court.

**IT IS SO ORDERED.**

Dated: October 08, 2015

Hon. Roger T. Benitez
United States District Judge